GUY A. TRASK *vs.* AMANDA B. TRASK.

Cumberland.   Opinion October 1, 1915.

*Annulment of Marriage.   Divorce.   Essence of the Contract.   Fraud.
Jurisdiction.*

It is uniformly held that no fraud will avoid a marriage which does not go
to the very essence of the contract, and which is not in its nature, such a
thing as either would prevent the party entering the marriage relation, or,
having entered into it, would preclude performance of the duties which
the law and custom impose upon husband or wife as a party to the contract.

On exceptions by plaintiff.   Exceptions overruled.

This is a petition brought by the plaintiff for the purpose of annulling the marriage between the plaintiff and defendant.

At the hearing, the presiding Justice dismissed the bill, and the plaintiff excepted to said ruling.

The case is stated in the opinion.

*Irving E. Vernon,* for plaintiff.

*Clifford E. McGlauflin,* for defendant.

SITTING:   SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

HANSON, J.   Petition to annul the marriage between the plaintiff and defendant.   At the hearing the presiding Justice ruled pro forma that the bill be dismissed.   The case is here on the plaintiff's exception to that ruling.   The exceptions contain the following clause: "For the purpose of these exceptions, it is also to be considered that the question of jurisdiction of proceedings for annulment of marriage on the part of the Supreme Judicial Court in the county of Cumberland, is to be considered."

The record shows a prior marriage and divorce on the part of the defendant.   It appears that the petitioner did not know of the defendant's prior marriage until about two years before their final separation, and that such separation was for other causes than the alleged former marriage.

The petitioner bases his claim to relief upon the following allegation:

"Your petitioner further avers that the said Hannah A. Moore fraudulently and for the purpose of inducing your petitioner to marry her, concealed the fact of her previous marriage, divorce and cause for divorce, from your petitioner, and for the same purpose falsely represented herself to be a spinster, by name Amanda Blackwood, of chaste and virtuous habits, and that your petitioner was induced to marry said Hannah A. Moore by said fraud practiced upon him and that said fraud was such as went to the essence of the contract of marriage, and that had he known the true facts your petitioner would never have gone through the ceremony of marriage with the said Hannah A. Moore."

Copies of the court records of Massachusetts were introduced showing that the divorce was decreed upon proof of the charge of adultery.

As to jurisdiction: At the time of filing the petition in this case, the Superior Court for Cumberland county had exclusive jurisdiction in divorce proceedings. Chap. 174 of the Public Laws of 1913. The jurisdiction of this court in matters of annulment was not affected by the last named act; but by Chapter 39, Public Laws of 1915, said act was amended, giving the Superior Court of Cumberland county exclusive jurisdiction, within said county, x x x x x x of "libel for divorce including any petition for annulment of marriage, or petition for modification of a decree of divorce, whether such decree was granted in the Superior or the Supreme Judicial Court of said county."

It requires no citation to establish the claim that this court has jurisdiction in the case at bar, the above named amendment not having been made at the date of filing the petition herein.

As to the merits: It is uniformly held that no fraud will avoid a marriage which does not go to the very essence of the contract, and which is not in its nature such a thing as either would prevent the party entering into the marriage relation, or, having entered into it, would preclude performance of the duties which the law and custom impose upon husband or wife as a party to the contract. *Reynolds* v. *Reynolds,* 3 Allen, 605; *Smith* v. *Smith,* 171 Mass., 404. The case at bar is well within the rule laid down in the above named cases. The motion was properly granted.

*Exceptions overruled.*