Hillsborough,
No. 5222.

JOSEPH H. FORTIN

*v.*

ALMA ALICE FORTIN.

Argued January 5, 1965.
Decided March 31, 1965.

*Lemieux & St. Pierre* (*Mr. Robert A. St. Pierre* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* (*Mr. Gerard O. Bergevin* orally), for the defendant.

KENISON, C.J. "Generally speaking, the concealment of a previous marriage or divorce, or a misrepresentation with respect thereto, is not such a fraud as will constitute ground for annulment." 3 Nelson, Divorce and Annulment s. 31.41 (2d *ed.* 1945). It is the general rule supported by the weight of authority that the concealment of a previous marriage terminated by divorce is an insufficient ground for annulment. *Cassin* v. *Cassin*, 264 Mass. 28; *Trask* v. *Trask*, 114 Me. 60; Annots. 23 A.L.R. 180; 33 A.L.R. 835; 58 A.L.R. 326; 46 Harv. L. Rev. 1034 (1933).

In this state annulment of a marriage for fraud is granted "only with extreme caution." *Diamond* v. *Diamond*, 101 N. H. 338, 339. In that case it was held that a false representation as to a former marriage was not such fraud as would warrant an annulment. "Annulment is not granted for any and every kind of fraud." *Patey* v. *Peaslee*, 99 N. H. 335, 339. See Grimes, Pitfalls in Domestic Relations Proceedings, 1 N.H.B.J. (No. 4) 15, 22 (1959). For better or worse we have not considered annulment of a marriage an easy substitute for legal separation or divorce. Deception in the marital quest may result in an unhappy marriage but to grant annulment ". . . merely because of deception regarding past conduct would in many cases in practical effect extend the divorce legislation far beyond its limits and restrictions." *Heath* v. *Heath*, 85 N. H. 419, 429. Consequently the standard for the annulment of a marriage is both strict and stringent. "The fraudulent representations for which a marriage may be annulled must be of something essential to the marriage relation — of something making impossible the performance of the duties and obligations of that relation or rendering its assumption and continuance dangerous to health or life." *Heath* v. *Heath, supra.*

We recognize that the majority rule followed in this state is strict and may in some cases cause distress or anguish to the

victim of the false representation but the public policy reflected in our statutes (RSA ch. 458) and decisions regulating domestic relations does not permit the marriage contract to be annulled for the same reasons that a mercantile contract may be set aside. *Cf.* Kingsley, Fraud as a Ground for Annulment of a Marriage, 18 So. Cal. L. Rev. 213, 227, 228 (1945).

When plaintiff sought relief in this case any religious impediment to the plaintiff's marriage had been removed by the death of the divorced husband. We conclude that the plaintiff has stated no ground for vacation of the decree of separation and substitution of a decree of annulment. The motion to dismiss should be granted. *Oswald* v. *Oswald*, 146 Md. 313; Madden, Persons and Domestic Relations 17 (1931).

*Remanded.*

All concurred.