Hillsborough
No. 7235

CATHERINE JORDAN, BY HER MOTHER
AND NEXT FRIEND, JEAN C. BAKER

v.

DENNIS R. JORDAN

September 30, 1975

*Sweeney, Sweeney & Sullivan (Mr. Kevin F. Sullivan* orally) for the plaintiff.

The defendant did not file a brief.

PER CURIAM.  This case arises from a petition for the annulment of a marriage on the ground that the defendant concealed his previous marriage. The petition, filed by the wife's mother and next friend, alleges the following facts: The parties were married on November 17, 1973, in St. Christopher's Roman Catholic Church, Nashua. The bride was seventeen, the husband twenty-six. On February 27, 1974, the plaintiff learned that the defendant had previously been married and returned to her parents. The plaintiff is a member of the Roman Catholic faith and is prohibited by her faith from marrying a divorced person. The petition states that the plaintiff did not know of the defendant's prior marriage at the time she married him; that she would not have married him had she known; and that she cannot live with the defendant now because of her religious beliefs and the defendant's deceit. The record contains two documents which show that the defendant twice stated in writing prior to the marriage that this was his first

marriage. The record also includes a copy of the order of the plaintiff's church annulling the marriage and a letter from a psychiatrist which concluded "that it would be detrimental toward the health and welfare of Mrs. Cathy Jordan to return to her husband." The Master *(Joseph L. Clough,* Esq.) found "that plaintiff was induced to marry through fraud of the defendant going to the essentials of the marriage relationship thereby making it morally and spiritually impossible for the plaintiff to fulfill her marital commitment." The master recommended that the petition be granted. The Superior Court, *Flynn,* J., disapproved this recommendation, citing *Fortin v. Fortin,* 106 N.H. 208, 208 A.2d 447 (1965). Thereafter the master on his own initiative filed a further finding that continuance of the marriage would be dangerous to the plaintiff's health. The plaintiff then filed a motion to set aside the order of the superior court, which the Superior Court *(Flynn,* J.) denied, reserving and transferring the plaintiff's exception.

The *Fortin* opinion quoted and followed the rule announced in *Heath v. Heath,* 85 N.H. 419, 429, 159 A. 418, 423 (1932): "The fraudulent misrepresentations for which a marriage may be annulled must be of something essential to the marriage relation — of something making impossible the performance of the duties and obligations of that relation or rendering its assumption and continuance dangerous to health or life." The findings of the master met this test and are supported by the record as a whole. The orders of the superior court are vacated and the order of this court is

*Petition granted.*